IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| COLIN FAHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 0922-CC10076 |
| vs. | ) |
| | ) Div. No. 1 |
| TASER INTERNATIONAL, INC., | ) |
|    Serve: | ) |
|    The Corporation Trust Company, | ) |
|    1209 Orange Street | ) |
|    Wilmington DE 19801 | ) |
| | ) |
| and | ) |
| | ) JURY TRIAL REQUESTED |
| ED ROEHR AUTO RADIO CO., d/b/a | ) |
| ED ROEHR SAFETY PRODUCTS CO. | ) |
|    Serve: | ) |
|    Kenneth G. Schaper | ) |
|    2710 Locust Street | ) |
|    St. Louis, MO 63103 | ) |
| | ) |
| Defendants. | ) |

**PETITION – PRODUCTS LIABILITY**

1. Plaintiff Colin Fahy is a resident and citizen of the City of St. Louis, Missouri.

2. Defendant Taser International, Inc. ("Taser International") is a Delaware Corporation in good standing, doing continuous and substantial business in the State of Missouri, including the distribution, transfer and sale of conducted energy devices and other products, including the X26 Taser gun at issue in this case.

3. Defendant Ed Roehr Auto Radio Co., d/b/a/ Ed Roeher Safety Products Co. ("Ed Roehr Safety") is a Missouri Corporation in good standing, with its principal place of business located in the City of St. Louis, State of Missouri. On information and belief, Ed Roehr Safety is a licensed dealer of Defendant Taser International's products in the State of Missouri.

1

4. Venue is appropriate because Plaintiff was first injured in the City of St. Louis, State of Missouri. Jurisdiction by this Court over Defendant Taser International is appropriate because said Defendant does continuous and substantial business in the State of Missouri. Additionally, the cause of action in this case directly arises from a defective or unreasonably dangerous product transferred, distributed or sold by Defendant Taser International in the State of Missouri, and Defendant Taser International thereby performed tortious acts in the State of Missouri within the meaning of Missouri's "Long Arm Statute", §506.500 R.S.Mo.

5. Defendant Taser International, Inc. is a business which designs, tests, manufactures, sells and transfers products including so-called "conducted energy devices" such as the X26 Taser which caused plaintiff's injuries in this case.

6. Defendant Ed Roehr Safety transferred the X26 Taser in the stream of commerce and sold it to the St. Louis Metropolitan Police Department.

7. On December 7, 2007, Officers Vineyard and Menendez of the St. Louis Metropolitan Police Department responded to a 911 call and arrived at the Fahy home. The officers entered the premises with Plaintiff's mother, Chris Fahy, through the back door and into the kitchen, where Plaintiff Colin Fahy was located.

8. After entering the Fahy home, one of the officers shot Colin Fahy in the chest with a Taser gun, receiving a five second charge. Fahy collapsed upon impact of the probes/barbs first striking his chest and remained on his side on the kitchen floor. One of the officers then held Mr. Fahy down with a metal baton, known as an "asp", while he was tasered again, this time for approximately twenty-five seconds.

9. After Colin was tasered, the officers turned Colin over and his mother and the officers observed that he was blue with saliva coming out of his mouth. Another police officer

subsequently appeared on the scene and began performing CPR and other resuscitative efforts on Colin Fahy.

10. As a result of the taser shocks, Colin Fahy went into ventricular fibrillation and cardiac arrest. He was placed on life support and barely survived. Fahy suffered from excruciating pain, a tracheotomy, oxygen deprivation, tissue death and damage, and other physical injuries as a result of being electrocuted by the X26 Taser device.

## COUNT I

### PLAINTIFF COLIN FAHY'S CLAIM AGAINST DEFENDANTS FOR DESIGN DEFECT

**COMES NOW** Plaintiff Colin Fahy and for Count I of his cause of action against Defendants states as follows:

11. Defendant Taser International designed and manufactured the X-26 Taser which caused or contributed to cause the injuries to Plaintiff as set forth above. The X-26 Taser was sold to the St. Louis Police Department in the course of Defendants Ed Roehr Safety and Taser International's business.

12. The defendants, in the course of each defendant's business, designed, manufactured, processed, distributed, marketed, sold and supplied the X26 Taser which injured Plaintiff. Defendants Taser International and Ed Roehr Safety placed the X26 Taser into the stream of commerce for purchase and use/consumption by the public in general, and for use by the St. Louis Metropolitan Police Department in particular. Defendants knew and reasonably anticipated that the Taser would be used by police departments on citizens in the manner the taser was used on Colin Fahy.

13. On information and belief, the X26 Taser was defective and/or unreasonably dangerous as designed, tested, manufactured, sold and transferred by defendants, when used in a manner reasonably anticipated by defendants, for the following reasons:

3

a) The X26 Taser delivers a high-voltage electrical current into the body which can result in dangerous changes in heart-rhythm, including ventricular fibrillation, resulting in substantial bodily injury, cardiac arrest, oxygen deprivation, and ultimately death;

b) The X26 Taser when targeted at and delivering an electric current into the chest significantly increases the likelihood of dangerous changes in heart-rhythm, including ventricular fibrillation;

c) Multiple or extended exposure by an individual to the X26's electrical current significantly increases the likelihood of dangerous changes in heart-rhythm, including ventricular fibrillation, and the X26 is designed such that an extended shock can be delivered to a person merely by holding down the trigger of the device;

d) Use of the X26 in conjunction with other forms of police restraint can significantly increase the likelihood of dangerous changes in heart-rhythm including ventricular fibrillation; including by limiting the restrained individual's ability to breathe and heightening levels of stress hormones and/or adrenaline while the individual is being electrocuted by the taser;

e) Use of the X26 against persons of smaller stature and weight can significantly increase the likelihood of dangerous changes in heart-rhythm and ventricular fibrillation from its use;

f) The X26 is defective in that it produces electrical currents in the body that are more powerful than intended or acknowledged by defendants.

14. The injuries sustained by Plaintiff and the damages resulting therefrom were directly and proximately caused by the defective and/or unreasonably dangerous conditions of

4

the X26 Taser as set forth in paragraph 13, supra, as designed, tested, manufactured, sold and transferred by defendants, and when used in a manner reasonably anticipated by defendants.

15. As a direct and proximate result of the defective and/or unreasonably dangerous conditions of the product, Colin Fahy suffered severe and permanent damages including the following:

    a) Physical pain and suffering;

    b) Temporary and permanent damage to the nerves, skin, muscle and other soft tissues of his body;

    c) Loss of enjoyment of life;

    d) Mental and emotional distress;

    e) Medical bills and expenses, past and future;

    f) Lost wages and earning capacity, past and future.

16. At the time of the defendants' design, manufacture, processing, distribution, sale and/or use of the products, defendants knew of the aforesaid defects and dangerous conditions of said product and thereby showed complete indifference to and/or conscious disregard for the safety of others. The defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of plaintiff, and punitive and exemplary damages should be assessed against said defendants.

WHEREFORE Plaintiff Colin Fahy respectfully requests that the Court grant plaintiff judgment against the defendants for compensatory damages and for punitive damages in excess of the minimum dollar amount necessary to establish jurisdiction in this Court, prejudgment and post-judgment interest, his costs expended herein, and any and all other relief which the Court deems just.

## COUNT II

### PLAINTIFF COLIN FAHY'S CLAIM AGAINST DEFENDANTS FOR STRICT LIABILITY FAILURE TO WARN

**COMES NOW** Plaintiff Colin Fahy and for his cause of action against Defendants states as follows:

17. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 of this Petition, the same as if fully set forth herein.

18. The defendants, in the course of each defendant's business, designed, manufactured, processed, distributed, marketed, sold and supplied the X26 Taser which was used by the St. Louis Metropolitan Police Department without adequate instructions and/or without warnings regarding the defects or unreasonably dangerous conditions set forth in Count I, supra. This includes defendants' failure to adequately warn consumers and users of its device that targeting the X26 at a person's chest, multiple or prolonged exposure to the X26's charge, use of the X26 in conjunction with other forms of police restraint, and use of the X26 against persons of smaller stature and weight, and particularly a combination of these circumstances, significantly increases the likelihood of dangerous changes in heart-rhythm and ventricular fibrillation, and that the X26 Taser should not be used under these circumstances.

19. As a result of said defendants' failure to adequately instruct and warn of the dangerous characteristics of the products, said products were defective and unreasonably dangerous when put to the use reasonably anticipated by the defendants.

20. As a direct and proximate result of the dangerous and defective condition of the defendants' products and the defendants' failure to warn of the dangers thereof, Colin Fahy suffered damages including the following:

    a) Physical pain and suffering;

b) Temporary and permanent damage to the nerves, skin, muscle and other soft tissues of his body;

c) Loss of enjoyment of life;

d) Mental and emotional distress;

e) Medical bills and expenses, past and future;

f) Lost wages and earning capacity, past and future.

21. At the time of the defendants' design, manufacture, processing, distribution, sale and/or use of the products, defendants knew of the aforesaid defects and dangerous conditions of said product and thereby showed complete indifference to and/or conscious disregard for the safety of others. The defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of plaintiff, and punitive and exemplary damages should be assessed against said defendants.

WHEREFORE Plaintiff Colin Fahy respectfully requests that the Court grant plaintiff judgment against the defendants for compensatory damages and for punitive damages in excess of the minimum dollar amount necessary to establish jurisdiction in this Court, prejudgment and post-judgment interest, his costs expended herein, and any and all other relief which the Court deems just.

## COUNT III

### PLAINTIFF COLIN FAHY'S CLAIM AGAINST DEFENDANT TASER INTERNATIONAL FOR NEGLIGENT DESIGN DEFECT

**COMES NOW** Plaintiff Colin Fahy and for his cause of action against Defendant Taser International states as follows:

22. Plaintiff incorporates by reference his allegations set forth in paragraphs 1 to 21 of this petition, the same as if fully set forth herein.

7

23. As designers, manufacturers, processors, distributors, packagers, marketers, and sellers of conducted energy devices, Defendant Taser International had a duty to exercise due care and the ordinary, reasonable, and technical skill and competence that is required of designers, manufacturers, processors, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation: The duty to test their products; and the duty to acquire and maintain the knowledge of an expert, to design, manufacture, process, package, distribute, market, sell, and/or supply their products free from defects and/or latent defects.

24. Defendant failed to use due care under the circumstances and were thereby negligent in the performance of their duties to plaintiffs.

25. As a direct and proximate result of the dangerous and defective conditions of Taser International's product, Colin Fahy suffered damages including the following:

    a) Physical pain and suffering;

    b) Temporary and permanent damage to the nerves, skin, muscle and other soft tissues of his body;

    c) Loss of enjoyment of life;

    d) Mental and emotional distress;

    e) Medical bills and expenses, past and future;

    f) Lost wages and earning capacity, past and future.

26. At the time of the defendant's design, manufacture, processing, distribution, sale and/or use of the products, defendant knew of the aforesaid defects and dangerous conditions of said product and thereby showed complete indifference to and/or conscious disregard for the safety of others. Taser International's conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of plaintiff, and punitive and exemplary damages should be assessed against said defendant.

WHEREFORE Plaintiff Colin Fahy respectfully requests that the Court grant plaintiff judgment against the Defendant Taser International for compensatory damages and for punitive damages in excess of the minimum dollar amount necessary to establish jurisdiction in this Court, prejudgment and post-judgment interest, his costs expended herein, and any and all other relief which the Court deems just.

### COUNT IV

### PLAINTIFF COLIN FAHY'S CLAIM AGAINST DEFENDANTS FOR NEGLIGENT FAILURE TO WARN

**COMES NOW** Plaintiff Colin Fahy and for his cause of action against Defendants states as follows:

27. Plaintiff incorporates by reference his allegations set forth in paragraphs 1 to 26 of this petition, the same as if fully set forth herein.

28. As designers, manufacturers, processors, distributors, packagers, marketers, and sellers of conducted energy devices, the defendants had a duty to exercise due care and the ordinary, reasonable, and technical skill and competence that is required of designers, manufacturers, processors, packagers, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation: the duty to adequately warn of the risk of harm of the aforementioned product defects and/or hazards, which duty continued even after the sale of said products.

29. The defendants failed to use due care under the circumstances by failing to adequately warn of the risk of harm and were thereby negligent in the performance of their duties.

30. As a direct and proximate result of the dangerous and defective condition of the defendants' products and the defendants' negligent failure to warn of the dangers thereof, Colin Fahy suffered damages including the following:

a) Physical pain and suffering;

b) Temporary and permanent damage to the nerves, skin, muscle and other soft tissues of his body;

c) Loss of enjoyment of life;

d) Mental and emotional distress;

e) Medical bills and expenses, past and future;

f) Lost wages and earning capacity, past and future.

31. At the time of the defendants' design, manufacture, processing, distribution, sale and/or use of the products, defendants knew of the aforesaid defects and dangerous conditions of said product and thereby showed complete indifference to and/or conscious disregard for the safety of others. The defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of plaintiffs, and punitive and exemplary damages should be assessed against said defendants.

WHEREFORE Plaintiff Colin Fahy respectfully requests that the Court grant plaintiff judgment against the defendants for compensatory damages and for punitive damages in excess of the minimum dollar amount necessary to establish jurisdiction in this Court, prejudgment and post-judgment interest, his costs expended herein, and any and all other relief which the Court deems just.

## COUNT V

### PLAINTIFF COLIN FAHY'S CLAIM AGAINST DEFENDANTS FOR NEGLIGENTLY SUPPLYING A DANGEROUS INSTRUMENTALITY FOR SUPPLIER'S BUSINESS PURPOSES

**COMES NOW** Plaintiff Colin Fahy and for his cause of action against Defendants states as follows:

32. Plaintiff incorporates by reference his allegations set forth in paragraphs 1 to 31 of this petition, the same as if fully set forth herein.

33. Defendants supplied a dangerous instrumentality, the X26 Taser gun, for use by the St. Louis Metropolitan Police Department.

34. At the time it was provided to the St. Louis Police Department, the X26 Taser had a defect or hazard, and was therefore dangerous when put to a reasonably expected use; namely the X26 had a propensity to cause dangerous changes in heart-rhythm and ventricular fibrillation.

35. The X26 was put to a reasonably expected use; and

36. The defendants knew, or in the exercise of reasonable care could have known of the dangerous condition; and

37. Defendants failed to exercise ordinary care to either make the condition reasonably safe or adequately warn of it; and

38. As a direct result of such failure, plaintiff sustained damages including the following:

    a) Physical pain and suffering;

    b) Temporary and permanent damage to the nerves, skin, muscle and other soft tissues of his body;

    c) Loss of enjoyment of life;

    d) Mental and emotional distress;

    e) Medical bills and expenses, past and future;

    f) Lost wages and earning capacity, past and future.

39. At the time of the defendants' design, manufacture, processing, distribution, sale and/or use of the products, defendants knew of the aforesaid defects and dangerous conditions of said product and thereby showed complete indifference to and/or conscious disregard for the

safety of others. The defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of plaintiff, and punitive and exemplary damages should be assessed against said defendants.

WHEREFORE Plaintiff Colin Fahy respectfully requests that the Court grant plaintiff judgment against the defendants for compensatory damages and for punitive damages in excess of the minimum dollar amount necessary to establish jurisdiction in this Court, prejudgment and post-judgment interest, his costs expended herein, and any and all other relief which the Court deems just.

Respectfully submitted,

DOWD & DOWD, P.C.

BY: *[signature: William T. Dowd]*
WILLIAM T. DOWD (#39648)
ALEX R. LUMAGHI (#56569)
Attorneys for Plaintiffs
100 North Broadway, Suite 1600
St. Louis, Missouri  63102
314/621-2500    Fax, 314/621-2503