UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLIN FAHY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV19 CDP ) |
| TASER INTERNATIONAL, INC., et al., | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER OF REMAND

Colin Fahy brought this products liability action in state court after the police electrocuted him with a Taser device. Fahy's petition names the manufacturer of the device (Taser) and the licensed dealer who sold it to the police department (Ed Roehr) as defendants. Taser is a Delaware corporation. Ed Roehr is a Missouri citizen.[1] Fahy, who is also a Missouri citizen, seeks compensatory and punitive damages in his five-count petition. Taser removed the state case to this Court, claiming Roehr was fraudulently joined so this Court has diversity jurisdiction over Fahy's claims.[2] I conclude that there is no fraudulent joinder and

---

[1] A corporation is deemed a citizen of any state in which it is incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Here, Fahy's petition alleges -- and defendants do not dispute -- that Ed Roehr is a Missouri corporation with its principal place of business in Missouri.

[2] Ed Roehr joins in the removal.

complete diversity does not exist. I will grant Fahy's motion to remand.

## Additional Background Facts

According to Fahy's state-court petition, Taser designs and manufactures the X26 Taser, a "conducted energy device." Ed Roehr sold the X26 Taser to the St. Louis Metropolitan Police Department. On December 7, 2007, St. Louis police officers used the X26 Taser on Fahy, causing him to go into ventricular fibrillation and cardiac arrest. Fahy brings claims against both defendants for design defect (Count I), strict liability -failure to warn (Count II), negligent failure to warn (Count IV), and negligently supplying a dangerous instrumentality for supplier's business purposes (Count V). Fahy's petition also states a separate claim against Taser for negligent design defect (Count III).

## Discussion

28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state on which the original action was filed. Applied here, I lack jurisdiction over this case if one of the defendants is citizen of Missouri. 28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). The defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business

Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Removal will not be defeated, however, by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the substantial burden of proving the alleged fraud. See Parnas v. General Motors Corp., 879 F. Supp. 91, 92 (E.D. Mo. 1995). To establish that a resident defendant has been fraudulently joined, the removing party must show that: (i) there is no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. Monroe v. Consolidated Freightways, Inc., 654 F. Supp. 661, 662-63 (E.D. Mo. 1987). Any contested fact issues must be resolved in favor of the plaintiff. See id. at 663 (citation omitted).

Because Ed Roehr is a citizen of Missouri, this case is not removable under 28 U.S.C. § 1441(b) unless Ed Roehr is fraudulently joined. Here, Taser argues that Ed Roehr's citizenship should be disregarded for removal purposes because Fahy does not have a reasonable basis for asserting claims against the resident

defendant in this case. Taser argues that Missouri's "innocent seller" statute, Mo. Rev. Stat. § 537.762, precludes Fahy's claims against Ed Roehr because they are based solely on its status as a seller in the stream of commerce.[3] Fahy's petition alleges that Ed Roehr transferred the Taser into "the stream of commerce and sold it to the St. Louis Metropolitan Police Department" and then asserts products liability claims against both defendants.

Here, Fahy has stated claims that might impose liability on Ed Roehr under Missouri law. Missouri's "innocent seller" statute, § 537.762, does not affect a defendant's potential liability to a plaintiff at the pleadings stage, but rather it establishes an affirmative defense. See Dorsey v. Sekisui America Corp., 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999). "Under the innocent seller statute, dismissal is proper only where the seller's liability is based solely on its status as a seller in the stream of commerce." Id. "Further, an innocent seller may be dismissed only if another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claims." Id. (internal quotation marks and citation omitted). As Missouri courts have

---

[3]"Section 537.762 provides that a defendant, whose liability is based solely on his status as a seller in the stream of commerce, may be dismissed from a product liability claim if another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claims." Malone v. Schapun, Inc., 965 S.W.2d 177, 181 (Mo. Ct. App. 1997) (internal quotation marks and citation omitted).

explained. § 537.762 "does not change the substantive law relating to an innocent seller's liability." Malone v. Schapun, Inc., 965 S.W.2d 177, 182 (Mo. Ct. App. 1997). "A seller in the stream of commerce is still subject to liability under the doctrine of strict product liability." Id. (citation omitted). As an avenue of defense only, the statute has no bearing on whether Fahy has stated a cause of action against Ed Roehr at the pleadings stage, which is the relevant inquiry for fraudulent joinder. See Dorsey, 79 F. Supp. 2d at 1091.

Moreover the innocent seller defense, even if did apply here, has no effect on the status of parties for jurisdiction purposes. According to the statute, "[n]o order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes." Mo. Rev. Stat. § 537.762(6). Subsection 7 of the statute provides that "an order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition." Mo. Rev. Stat. § 537.762(7). Under the statute, Ed Roehr would still be considered a party to the case and would remain potentially liable to Fahy under Missouri law even if it were dismissed under § 537.762(1). See Dorsey, 79 F. Supp. 2d at 1092; Pender

v. Bell Asbestos Mines, Ltd., 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999). For these reasons, Taser has not established that there is no possibility that Fahy would be able to state claims against Ed Roehr in state court. As a result, Taser has failed to meet its burden to show that Ed Roehr, a resident defendant, has been fraudulently joined. See Moeller v. Ford Motor Co., 2008 WL 161905 *1, *5-6 (E.D. Mo. Jan. 15, 2008). This case was improperly removed to federal court, and I am without jurisdiction to hear the case. See Hurt, 963 F.2d at 1146.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#14] is granted, and this action is remanded to the Circuit Court for the City of St. Louis under 28 U.S.C. § 1447(c).

                                                                                            _____
                                                                                            CATHERINE D. PERRY
                                                                                            UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2010.